■ AMERICK DHILLON, Respondent, v CITY OF NEW YORK et al., Defendants, and SAMUEL KIRTON et al., Appellants. [751 NYS2d 32] —In an action, inter alia, to recover damages for wrongful death, the defendants Samuel Kirton and Amboy Bus Co., appeal from an order of the Supreme Court, Queens County (Dye, J.), dated February 6, 2002, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.

In support of their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, the defendants Samuel Kirton and Amboy Bus Co., established, prima facie, their entitlement to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851). Both the deposition testimony of Kirton as well as the eyewitness statements contained in the police accident report demonstrate that Kirton followed proper procedures in directing the plaintiff's decedent to cross the street, and that the vehicle that struck and killed the decedent appeared suddenly, without warning, and made no attempt to avoid the accident. The burden thus shifted to the plaintiff to come forward with evidence to show the existence of a triable issue of fact. Contrary to the plaintiff's contentions, Kirton's deposition testimony did not raise a factual issue requiring a trial. In addition, the plaintiff's speculations regarding Kirton's actions, offered in the affirmation of counsel, are insufficient to defeat

the motion for summary judgment (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 327; *Zuckerman v City of New York,* 49 NY2d 557, 563). Therefore, the Supreme Court erred in denying the motion of the defendants Kirton and Amboy Bus Co., for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. Altman, J.P., Smith, H. Miller and Adams, JJ., concur.